UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-254

| | |
|---|---|
| **JAMES HOUK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on plaintiff's (#9) and defendant's (#11) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the Court enters the following findings and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Act and supplemental security income under Title XVI of the Act on July 27, 2012, alleging a period of disability with an onset date of February 9, 2006 (Tr. 215, 219). The Commissioner denied plaintiff's applications initially and upon reconsideration. (Tr. 98-101, 103-106). At plaintiff's request, Administrative Law Judge Valorie Stefanelli ("the ALJ") held a hearing on her claims on July 28, 2016. (Tr. 31-67). After considering the hearing testimony and all of the evidence of record, the ALJ issued a written decision finding that plaintiff was not disabled within the meaning of the Act during the period from her alleged onset date through December 31, 2011. (Tr. 13-30). Plaintiff asked the Appeals Council to review the ALJ's decision,

but the Appeals Council denied that request in February 2017, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5, 170). Having exhausted her administrative remedies, plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of that decision.

## II.     Factual Background

The Court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The Court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the Court finds that the ALJ's decision was supported by substantial evidence, and it will thus be affirmed.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

　　e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one of the sequential evaluation, the ALJ found that plaintiff has not engaged in substantial gainful activity since his date last insured of December 31, 2011 (Tr. 18). At step two, the ALJ found that plaintiff has a severe impairment, degenerative disc disease of the lumbar spine, status post fusion (TR. 19). At step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meets the severity of an impairment in the Listing. (Tr. 19).

Then, before step four, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform less than the full range of sedentary work, as defined in 20 CFR 404.1567(a): the plaintiff could never climb ladders, ropes, scaffolds, balance, or be exposed to vibration. (Tr. 20). Additionally, the plaintiff could lift no more than ten pounds at a time and could occasionally crouch or crawl but rarely bend or stoop. (Tr. 21).

At step four, the ALJ found that plaintiff's RFC prevents plaintiff from performing any past relevant work. (Tr. 24). At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that plaintiff can perform, including production inspector, order clerk, or bench hand packer. (Tr. 25). As a result, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. (Tr. 26).

**D. Discussion**

The Court has closely read plaintiff's memorandum (#10) supporting her Motion for Summary Judgment (#9). Plaintiff argues that the ALJ erred in two ways: by improperly assessing the medical opinion of Dr. James Hoski; and by failing to explain why non-mechanical application of the grids was not chosen. The Court will consider each allegation in turn.

*a. The ALJ's assessment of Dr. Hoski's medical opinions*

First, plaintiff argues that the ALJ erred in her assessment of the medical opinions of treating surgeon Dr. James Hoski, in that the ALJ mischaracterized Dr. Hoski's testimony when she stated that plaintiff was unable to return to work involving "heavy lifting." Plaintiff contends that the misstatement of the medical opinion was harmful, as restricting plaintiff to work involving no lifting could be outcome determinative because sedentary work requires ten pounds of lifting. Further, plaintiff contends that the testimony by Dr. Hoski was not given enough weight.

The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If a treating physician's opinion "is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citation omitted). A summary statement from a physician that a claimant is "disabled" or is "unable to work" is not considered a

medical opinion, but rather a legal conclusion, which is an opinion on an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). Such opinions are entitled to no special significance. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). A physician's legal conclusion must be evaluated "in light of the entire record to determine the extent to which the legal conclusion is supported." Morgan v. Barnhart, 142 F.App'x 716, 723 (4th Cir. 2005).

Here, the ALJ's assessment of Dr. Hoski's opinions does not amount to reversible error. While Dr. Hoski did opine that Plaintiff "is not able to return to work at lifting," the administrative decision shows that the ALJ explained why he did not fully credit that opinion. The ALJ noted in considering Dr. Hoski's testimony that: (1) Dr. Hoski was unclear regarding Plaintiff's "exact lifting requirements"; (2) Dr. Hoski found that Plaintiff's pain was at a level two; (3) pain medication improved Plaintiff's condition; (4) Dr. Hoski found the Plaintiff had excellent strength in his lower extremities; and (5) Plaintiff had an ability to ambulate without an assistive device, despite his occasional use of a cane outdoors. (Tr. 21-23). While misstating he doctor's exact language regarding the amount of weight that the Plaintiff could lift, there is substantial evidence to support the ALJ's determination to not fully credit such opinion. As such, the court cannot find reversible error on this basis.

  *b. Failure to explain why non-mechanical application of the grids was not chosen*

Finally, plaintiff alleges that the ALJ erred by failing to explain why a non-mechanical application of the Medical-Vocational Guidelines (or "Grids") was not chosen. The Grids contain age categories which can affect whether a finding of disabled is made. Plaintiff notes that the Grids are not meant to always be applied mechanically and that the ALJ is required to consider non-mechanical application in light of the overall factors of the case. Specifically, regulations state that

if plaintiff is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled," an older category may be used "after evaluating the overall impact of all the factors of your case." 20 C.F.R § 416.963(b). Plaintiff argues that, since he was within six months of turning 50 when the ALJ issued her decision, he is in the required range for a non-mechanical grid application. He also argues that he has additional vocational impairments that would justify non-mechanical grid application. Furthermore, he contends that by failing to address his ability to work by applying the higher age category, meaningful review by this court is frustrated requiring remand.

The Social Security Administration created a Hearings, Appeals, and Litigation Law Manual ("HALLEX"), which contains instructions for ALJs, the Appeals Council, and the Office of Civil Action. According to a former version of HALLEX, it was unclear whether ALJs were required to explain the age category in which they chose to place claimants. HALLEX, II-5-3-2. While the Fourth Circuit has yet to address the issue, the Third, Eighth, and Tenth Circuits hold that, though HALLEX did not require ALJs to explain their reasoning, the record must contain some indicia that application of the higher age category was not warranted. Daniels v. Apfel, 154 F.3d 1129, 1133 (10th Cir. 1998); Phillips v. Astrue, 671 F.3d 699, 705-77 (8th Cir. 2012); Kane v. Heckler, 776 F.2d 1130, 1132-34 (3rd Cir. 1985).

More specifically, the court has recently addressed the same issue in similar circumstances, and found no reversible error. In Martinez v. Berryhill, 2018 WL 709971, at *3 (W.D.N.C. Feb. 5, 2018), this Court held that failing to advance a claimant, who was five months away from an older age category, "cannot be recognized as violating guidelines that state 'a few months' as the appropriate period." Further, there are "'no fixed guidelines as to when a borderline situation exists

… since such guidelines would themselves reflect a mechanical approach.'" Id. (quoting McGinnis v. Colvin, 2013 WL 3353836, at *3 (W.D.N.C. July 3, 2013)); cf. Arnett v. Berryhill, 2017 WL 1659060, at *4 (W.D.N.C. Apr. 4, 2017), report and recommendation adopted, 2017 WL 1552334 (W.D.N.C. Apr. 27, 2017) (holding that a three-month shortfall presented a borderline situation).

Here, similar to the claimant in Martinez, plaintiff was nearly six months removed from the next age category, which cannot be said to be "a few months" from the higher category. And while the ALJ did not necessarily need to address plaintiff's age, the ALJ did specifically note his age for the VE before relying on the VE's testimony in determining that plaintiff could make a successful adjustment to other work existing in significant numbers in the national economy. (Tr. 25, 38, 59-67). As such, the court cannot find for reversal on this basis.

**E. Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this Court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#11) is **DENIED**, the Commissioner's Motion for Summary Judgment (#13) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

Signed: May 29, 2018

Max O. Cogburn Jr.
United States District Judge